CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALBERTO PAGAN, ) | Civil Action No. 7:12cv00170 |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| UNITED STATES DISTRICT, ) | |
| ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

This is a petition by Virginia inmate Alberto Pagan, proceeding *pro se*, pursuant to 28 U.S.C. § 2241, challenging a detainer stemming from Pagan's probation violation in the Southern District of New York. Because detainers based on probation violations are not subject to the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2 (2006), the court finds that § 2241 provides no relief and denies Pagan's petition.

I.

The Virginia Department of Corrections incarcerated Pagan in 2005 following his state conviction for robbery. After Pagan's incarceration, the United States District Court for the Southern District of New York issued an arrest warrant charging Pagan with a violation of the terms of his probation, and the warrant was lodged as a detainer with the Virginia Department of Corrections. Pagan now claims the detainer is causing his current prison to deny him certain privileges,[1] and he asks the court to dismiss the probation violation or otherwise dispose of the detainer.

---

[1] Specifically, Pagan alleges the prison is denying him access to education, participation in work-release programs, furloughs, transfers to low-level security institutions, and participation in "other prison activities and rehabilitation programs."

## II.

The IADA is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States of America. Article III of the IADA establishes a procedure by which a prisoner incarcerated in one state[2] (the "sending state") may demand the speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state (the "receiving state"). If the prisoner makes such a demand, the IADA requires the authorities in the receiving state to bring him to trial within 180 days, or the court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. However, the IADA does not apply to a detainer based on a probation violation. Carchman v. Nash, 473 U.S. 716, 726 (1985).

Here, Pagan does not challenge the detainer's legal basis. Rather, he asks that the detainer "be satisfied by a sentence of imprisonment or be dismissed and that such sentence could run concurrently to his twenty (20) years sentence." Liberally construed, Pagan's petition provides but one ground on which the court might grant that request: noncompliance with the IADA. However, because the IADA does not apply to detainers based on probation violations, the court is constrained to deny Pagan's petition. See id. at 734 (holding that the IADA does not apply to detainers based on probation violations and reversing the lower court's grant of a habeas petition).

---

[2] As used in the IADA, "state" means "a State of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; [or] the Commonwealth of Puerto Rico." 18 U.S.C. app. 2 § 2.

## III.

For the reasons stated, the court will deny Pagan's § 2241 petition. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to Pagan.

**ENTER**: This 19th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE